UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROBERT DAVID NEAL,              )
                                )
          Plaintiff,            )
v.                              )    No. 1:11-mc-12-TWP-TAB
                                )
ROBERT DAVID NEAL,              )
                                )
          Defendant.            )
                                )

**Entry and Notice**

The court has previously examined the papers submitted by David J. Nelson/Robert David Neal and based on that examination has concluded that (1) those papers would be treated as the initial filing in an action for habeas corpus relief, and (2) '[t]he relief to which a party may be entitled will be determined and awarded as a result of the proceedings to be undertaken" in the habeas corpus action. As Mr. Nelson/Neal is aware, the habeas action has been docketed as No. 1:11-cv-415-TWP-TAB. Accordingly, his motion for writ of mandamus (Dkt. No. 29) filed in this action is **denied.**

Because of the persistence with which the filings in this action arrive and in particular of the nature of those filings, three additional observations are made: *First,* the motion for writ of mandamus discussed above is nothing more than a copy of a filing made in the Court of Appeals, a filing docketed on May 18, 2011, as No. 11-2140 and denied by the Court of Appeals on May 25, 2011.[1] *Second,* the assertion that prior litigation was brought pursuant to 28 U.S.C. § 2241 and concluded through the issuance

---

[1] Both the petition filed in this case and the petition filed in No. 11-2140 were signed by David Nelson on May 12, 2011.

of a favorable judgment on the merits cannot be credited where the custodian was not even a party to that litigation. *See Rumsfeld v. Padilla,* 542 U.S. 426, 443, 447 (2004) ("for habeas petitions challenging present physical confinement, jurisdiction lies in only one district, the district of confinement; "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). *Third,* this action was concluded on March 24, 2011, no appeal was filed, post-judgment motions have been filed, considered and denied, and repetitive filings have accomplished nothing of value. On the contrary, the repetitive motions (Dkt. No. 15, Dkt. No. 23 and Dkt. No. 29) have been disruptive and wasteful of the court's limited resources. *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3 (1992); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staffs to "the detriment of litigants having meritorious cases"). The 7th Circuit frowns upon the filing of repetitive motions which do not have merit. See *Sassower v. American Bar Assoc.,* 33 F.3d 733, 736 (7th Cir. 1994) (suggesting that both defendants and the judicial system are "entitled to protection from" stubbornly frivolous litigants). Therefore, Robert Nelson/Robert Neal is respectfully admonished to **cease** the filing of repetitive and baseless matters in this case.

**IT IS SO ORDERED.**

Date: 06/22/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert David Neal
No. 15151-180
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808