UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROBERT DAVID NEAL,                )
                                  )
            Plaintiff,            )
v.                                )     No. 1:11-mc-12-TWP-TAB
                                  )
ROBERT DAVID NEAL,                )
                                  )
            Defendant.            )

**Entry Discussing Selected Matters**

**I.**

A brief review is warranted.

The court has previously examined the papers submitted by David J. Nelson/Robert David Neal and based on that examination has concluded that (1) those papers would be treated as the initial filing in an action for habeas corpus relief, and (2) >[t]he relief to which a party may be entitled will be determined and awarded as a result of the proceedings to be undertaken@ in the habeas corpus action. As Mr. Nelson/Neal is aware, the habeas action has been docketed as No. 1:11-cv-415-TWP-TAB and the petition for writ of habeas corpus was recently denied in a Judgment entered on the clerk's docket on July 21, 2011. He is also aware that a related action for mandamus relief, docketed as No. 1:11-cv-558-JMS-MJD, is pending. Additionally, the Entry issued in this case on June 22, 2011, included the following:

> This action was concluded on March 24, 2011, no appeal was filed, post-judgment motions have been filed, considered and denied, and repetitive filings have accomplished nothing of value. On the contrary, the repetitive motions (Dkt. No. 15, Dkt. No. 23 and Dkt. No. 29) have been disruptive and wasteful of the court's limited resources. *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3 (1992); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staffs to "the detriment of litigants having meritorious cases"). The 7th Circuit frowns upon the filing of repetitive motions which do not have merit. See *Sassower v. American Bar Assoc.,* 33 F.3d 733, 736 (7th Cir. 1994) (suggesting that both defendants and the judicial system are "entitled to protection from" stubbornly frivolous

litigants). Therefore, Robert Nelson/ Robert Neal is respectfully admonished to **cease** the filing of repetitive and baseless matters in this case.

It is upon these layers of activities, together the actual rulings, that Mr. Neal heaps additional materials, each of which is addressed in this Entry.

## II.

Mr. Neal has filed duplicate motions for recusal.

A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify a federal judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party

Although the plaintiff has submitted an affidavit, this effort does not meet the requirement of ' 144 because the *pro se* plaintiff is without the means of satisfying the Acertificate of counsel@ requirement and is thus unable to seek disqualification under ' 144. *See Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D.Ind. 1996). His request for recusal is therefore treated as being made pursuant to 28 U.S.C. ' 455(a). *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).

The first feature to note in this regard is the timing of the motions for recusal. Although ' 455 does not contain an explicit timeliness requirement, Aa claim for judicial recusal under section 455 ›will not be considered unless timely made.=A *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *United States v. Bauer*, 19 F.3d 409, 414 8th Cir. 1994)). ATimeliness requires a party to raise a claim ›at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.=@ *Id.* (quoting *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir. 1987)). The motions to recuse are triggered only by the course of the proceedings in this action and have not been not timely filed.

Substantively, under 28 U.S.C. § 455(a), a district judge should be disqualified "in any proceeding in which h[er] impartiality might reasonably be questioned." The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade,* 89 F.3d 350, 353-54 (7th Cir. 1996)). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Liteky v. United States,* 510 U.S. 540, 554 (1994); *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." *Liteky,* 510 U.S. at 555.

In *Liteky,* the Supreme Court found that adverse rulings, and a judge's post-trial refusal to allow petitioners to appeal *in forma pauperis,* among other things, were "judicial rulings, routine trial administration efforts, and ordinary admonishments," which were insufficient to require a judge's recusal. *Liteky,* 510 U.S. at 556. Nothing more is offered here. The plaintiff=s motions rest on his disagreement and frustration with every ruling with which he disagrees. He has not, however, appealed those rulings, which the court has reviewed on several occasions. The suggestion of bias or that this is a proceeding in which my impartiality might reasonably be questioned is wholly unsupported by the motions or by any other circumstances of this action or the related habeas or mandamus filings. *See, e.g., S.E.C. v. Loving Spirit Foundation, Inc.,* 392 F.3d 486, 494 (D.C.Cir. 2004)("we have found no case where this or any other federal court recused a judge based only on his or her rulings").

In short: "When a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Sprinpangler*

*v. Sears, Roebuck & Co.,* 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)). A judge is presumed to be impartial. *United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981). Mr. Neal has not shown that the undersigned lacks the impartiality essential to a just disposition of this action.

The duplicate motions for recusal (Dkt. No. 34) and (Dkt. No. 35) are therefore each **denied.**

### III.

#### A.

Mr. Neal has filed a motion for writ of mandamus. This motion is repetitive of the motions for mandamus filed on May 18, 2011, and on June 15, 2011, each of which were denied shortly after having been filed. The repetitive motion for mandamus (Dkt. No. 36) is **denied** for the same reasons.

#### B.

There are duplicate motions for an ex-parte evidentiary hearing Dkt. No. 39 and Dkt. No. 40. In light of the posture of the action—concluded—these motions are **denied**. As has been clear from the outset, "[t]he relief to which a party may be entitled [in No. 1:11-mc-12- TWP-TAB] will be determined and awarded as a result of the proceedings to be undertaken@ in No. 1:11-cv-415-TWP-TAB. This leaves him without further recourse or proceedings to pursue here. The fact that Mr. Neal did not prevail in the habeas action—and in fact did not participate in it through briefing, despite the opportunity to do so—does not alter the matter.

**IT IS SO ORDERED**.

Date: 07/28/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Robert David Neal
No. 15151-180
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808