UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| ROBERT DAVID NEAL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:11-mc-12-TWP-TAB |
| ROBERT DAVID NEAL, | ) |
| Defendant. | ) |

**Entry and Notice**

**I.**

This matter is before the Court on Mr. Neal's *Post Judgment Notice – Inclusion as a New Debtor/Party in Privity.* (Dkt. No. 43) which for the reasons stated herein is found to be a nullity.

This Court has previously concluded that the original documents submitted by Mr. Neal in this case (1) would be treated as the initial filing in an action for habeas corpus relief, and (2) "[t]he relief to which a party may be entitled will be determined and awarded as a result of the proceedings to be undertaken" in the habeas corpus action.

As Mr. Neal is aware, the habeas action docketed as No. 1:11-cv-415-TWP-TAB was ultimately dismissed in a Judgment entered on the clerk's docket on July 21, 2011. A satellite action for mandamus relief docketed as No. 1:11-cv-558-JMS-MJD was dismissed on July 26, 2011. A further action, brought against the clerk and docketed as No. 2:11-cv-184-JMS-DKL, is still pending. Additionally, the Entry issued in this case on June 22, 2011 (Dkt. No. 31) included the following: "This action was concluded on March 24, 2011, no appeal was filed, post-judgment motions have been filed,

considered and denied, and repetitive filings have accomplished nothing of value. On the contrary, the repetitive motions (Dkt. No. 15, Dkt. No. 23 and Dkt. No. 29) have been disruptive and wasteful of the court's limited resources. The 7th Circuit frowns upon the filing of repetitive motions which do not have merit." (omitting citations).

Judge Magnus-Stinson has also commented on the parade of post-judgment filings: "Neal is knocking at the wrong judicial door. He was not entitled to secure his release in No. 1:11-mc-12-TWP-TAB. He was not entitled to habeas corpus relief in No. 1:11-cv-415-TWP-TAB. He was not entitled to mandamus relief in this action. Whether he can establish his entitlement to a writ of mandamus in 2:11-cv-184-JMS-DKL remains to be seen." *Nelson v. Briggs.* No. 1:11-cv-558-JMS-MJD (S.D.Ind. July 26, 2011), Entry, at p. 2.

Nonetheless, the parade of post-judgment filings continues. On this occasion, Mr. Neal has filed a document entitled *Post Judgment Notice – Inclusion as a New Debtor/Party in Privity* (Dkt. No. 43). This peculiar document is a nullity—of no effect—for at least three reasons.

*First,* the document seems to alter the relief sought and to modify the parties. The settled law is that no amended complaint can be filed after the entry of final judgment unless and until that final judgment has been vacated. *See Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated."); *Amendola v. Bayer*, 907 F.2d 760, 765 n.1 (7th Cir. 1990) ("In this circuit, after a judgment has been entered, a party must have the judgment reopened

pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a).").

*Second*, the document obliquely invokes portions of the Uniform Commercial Code and casts Mr. Neal in the role of a secured creditor. In this vein, the Seventh Circuit has only just recently explained:

> Our intention is not to quash the presentation of creative legal arguments or novel legal theories asserted in good faith. But the arguments raised by these defendants were not in good faith. We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk. Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*United States v. Bolivar Benabe, et al.,* 2011 WL 3625119, *12 (7th Cir. Aug. 18, 2011) (internal citations omitted).

*Third*, Neal did not prevail here, nor was any affirmative relief awarded to him. Instead, Mr. Neal was directed to treat the papers initially submitted by Neal as a new civil action seeking habeas corpus relief. His announcement or declaration that a daily monetary penalty attaches to the Clerk for doing nothing more than following the directions issued by the undersigned has no legal validity.

## II.

"The judicial forum is a place in which serious people attend to serious business." *Morris v. Jenkins,* 819 F.2d 678, 682 (7th Cir. 1987). Neal has not proceeded in this fashion. "[T]he judicial system cannot tolerate litigants who refuse to accept adverse decisions." *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995). If Mr. Neal believes the district court rulings are erroneous, his remedy is to file an appeal. Mr. Neal is **again**

**admonished to cease his baseless filings** and to accept the rulings which have been issued in this District. His failure to do so can only result in more wasted effort and, quite probably, the imposition of appropriate sanctions. *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993)("[I]f a litigant (even if unrepresented) persists in a hopeless cause long after it should have been clear to him, as a reasonable person, that his position was groundless, sanctions should be imposed.").

    **IT IS SO ORDERED**.

Date: 08/30/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert David Neal
No. 15151-180
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808